571 So.2d 45 (1990)
PUBLIC HOUSING ASSISTANCE, INC., Appellant,
v.
Edward HAVILL, etc., et al., Appellees.
No. 89-1596.
District Court of Appeal of Florida, Fifth District.
November 21, 1990.
Rehearing Denied December 27, 1990.
*46 Jerri A. Blair, Leesburg, for appellant.
Cynthia G. Schneider, Washington, D.C., for amicus curiae, Migrant Legal Action Program, Inc.
Stephen M. Martin, Lakeland, for appellee Havill.
William I. Stearn of Ford & Associates, P.A., Tavares, for appellee Hall.
GOSHORN, Judge.
The issue in this case is whether a nonprofit corporation operated exclusively to provide low income housing to indigent farm workers is entitled to the charitable purpose exemption from ad valorem taxation. We conclude it is and reverse.
At trial, appellant, Public Housing Assistance, Inc. (PHAI), and appellees, Lake County Property Appraiser Edward Havill and Lake County Tax Collector T. Keith (Havill), stipulated to the following:
1. PHAI is a nonprofit corporation as defined by Section 196.195, Florida Statutes.
2. Montclair Village was financed exclusively by federal grants and loans from the Farmer's Home Administration.
3. In return for federal financing, PHAI agreed to restrict the use of the property to exclusively provide low income housing for farm workers.
4. During the term of the federal loan and grants, the property can only be transferred to another charitable corporation or governmental entity.
5. No income from the property can be diverted to any other business. The income can only be used for providing low income housing to farm workers.
6. No salaries are to be paid to PHAI's directors or board members.
7. PHAI is operated under the terms of the Farmer's Home Administration.
8. From 1981 through 1985 PHAI received a charitable exemption from the property appraiser. This exemption was denied in 1986.
9. 65 of the 80 units in Montclair Village are subsidized by the federal government.
Also at trial the following uncontroverted facts were adduced:
1. No income is derived from the property.
2. PHAI is a charitable nonprofit organization as defined by the Internal Revenue Code and its annual budget is based on the year's upcoming rents.
3. Tenants do not pay more than 30% of their monthly income as rent; the federal government pays the rest.
4. When the units' rents are increased, the size of the rent paid by the tenants does not increase, but the amount of federal aid does increase.
5. Tenants are required to increase their portion of rent only if their incomes increase.
6. As a result of the property tax assessment, federal rental assistance to the project rose from $7,825.00 per month to $9,616.00 per month.
After hearing the evidence, the court found, inter alia: 1) PHAI's status as a 501(c)(3)[1] organization has no bearing on whether the corporation is engaged in a charitable venture for purposes of ad valorem *47 taxation; 2) PHAI's services are such that the discontinuance of those services would not legally cause the government to expend public funds for the replacement of those services; 3) PHAI is not engaged in a function which meets the definition of a charitable purpose as that term is defined in determining ad valorem taxation exemptions. Therefore, the trial court concluded, the property upon which PHAI's venture is located is subject to ad valorem taxation. Havill argues that the trial court's findings are correct because PHAI is funded by the federal government (apart from the modest rents PHAI receives from tenants) and serves as a mere "conduit" for federal money. As such, it does not qualify as a charitable purpose permitting exemption. We disagree.
Property used predominantly for exempt purposes is exempted from ad valorem taxation to the extent of the ratio that such predominant use bears on the nonexempt use. § 196.192(2), Fla. Stat. (1989). "`Exempt use of property' or `use of property for exempt purposes' means predominant or exclusive use of property owned by an exempt entity for education, literary, scientific, religious, charitable, or governmental purposes ..." § 196.012(1), Fla. Stat. (1989). (Emphasis added).
Whether PHAI is exempted from ad valorem taxation thus turns on whether Montclair Village is operated for a "charitable purpose," as defined in section 196.012(7), Florida Statutes (1989). The statute provides that "charitable purpose" constitutes a function or service which is of such community service that its discontinuance could legally result in the allocation of public funds for the continuation of the function or service. PHAI receives 501(c)(3) status; it is not operated for profit; it generates no income; its sole goal is to provide low income housing to indigent farm workers. The discontinuance of PHAI's services could legally result in the allocation of public funds to provide such housing. We hold therefore that PHAI operates for a charitable purpose as defined by section 196.012(7).
Admittedly, PHAI is operated through federal grants and loans. However, for the purposes of the charitable exemption, it matters not whether the source of those funds is federal, state or local. Markham v. Broward County Nursing Home, Inc., 540 So.2d 940 (Fla. 4th DCA 1989) (Roman Catholic nursing home operating under the Internal Revenue code as a section 501(c)(3) nonprofit charitable corporation and receiving federal Medicare reimbursement is exempt from ad valorem taxes). Because the objectives and character of PHAI are charitable and the receipt of federal funding is irrelevant to its charitable status, PHAI is entitled to the exemption. This issue being dispositive of the appeal, we decline to address the other issues raised by PHAI.
Accordingly, this cause is reversed and remanded with instructions to reinstate PHAI's ad valorem tax exemption.
REVERSED and REMANDED with instructions.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] 26 U.S.C.A. § 501(c)(3).